**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| VANESSA HOGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-CV-02532-N |
| | ) | |
| SPECTRUM JUNGLE LABS CORP., and, | ) | |
| SPECTRUM BRANDS, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF SPECTRUM BRANDS, INC./SPECTRUM JUNGLE LABS CORPORATION TO PLAINTIFF'S ORIGINAL PETITION**

Defendant Spectrum Brands, Inc./Spectrum Jungle Labs Corporation, incorrectly identified as two separate entities (hereafter, "Spectrum Brands"), for its Answer and Defenses to Plaintiff's Original Petition, states as follows:

**PRELIMINARY STATEMENT**

Plaintiff incorrectly named Spectrum Brands, Inc. and "Spectrum Jungle Labs Corporation" as separate defendants in her Original Petition. "Spectrum Jungle Labs Corporation" is not a distinct legal entity; it is a trade name used by Spectrum Brands, Inc. for products for aquariums, ponds, and fountains. A legal entity called, "Spectrum Jungle Labs Corporation," was merged with United Pet Group, Inc., a subsidiary of Spectrum Brands, Inc., on September 29, 2011; "Spectrum Jungle Labs Corporation" did not survive the merger. As "Spectrum Jungle Labs Corporation" is not a distinct legal entity, there is no need for it to file a separate response to Plaintiff's Original Petition.

All allegations in Plaintiff's Original Petition are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not to any

conclusions, characterizations, implications, or speculations which may be of the averment or which may be in the Original Petition.

## ANSWER

### I.
### DISCOVERY LEVEL

1.      Paragraph 1 contains a discovery request and a legal conclusion asserted under Texas Rules of Civil Procedure that are inapplicable in this Court.  Because Paragraph 1 contains no allegations of fact, no response is required.  To the extent paragraph 1 is deemed to contain allegations of fact, those facts are denied.

### II.
### REQUEST FOR DISCLOSURE

2.      Paragraph 2 contains a discovery request under Texas Rules of Civil Procedure that are inapplicable in this Court.  Because Paragraph 2 contains no allegations of fact, no response is required.  To the extent paragraph 2 is deemed to contain allegations of fact, those facts are denied.

### III.
### PARTIES

3.      Spectrum Brands lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 3.

4.      Spectrum Brands denies the allegations in paragraph 4.

5.      In response to the allegations in paragraph 5, Spectrum Brands states it is incorporated under the laws of Delaware, and further states its corporate headquarters and principal place of business is located in Wisconsin.  Spectrum Brands admits it is authorized to do business in Texas and that its registered agent in Texas is Corporation Service Company. Spectrum Brands denies any remaining allegations in paragraph 5.

**IV.**
**JURISDICTION**

6.      Spectrum Brands admits it conducts business in Texas, but denies it designed, manufactured, or sold the product at issue in Plaintiff's Original Petition or otherwise engaged in any tortious conduct with respect to Plaintiff.  The remaining allegations in paragraph 6 consist of jurisdictional statements to which no response is required.   To the extent a response is required, Spectrum Brands states the United States District Court for the Northern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**V.**
**VENUE**

7.      The allegations in paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, Spectrum Brands states that, at present, it lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies them.

**VI.**
**FACTS**

8.      Spectrum Brands denies the allegations in paragraph 8.

9.      Spectrum Brands lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies them.

10.      Spectrum Brands lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies them.

**VII.**
**NEGLIGENCE**

11.      Spectrum Brands denies the allegations in paragraph 11, including all subparts.

12.      Spectrum Brands denies the allegations in paragraph 12.

## VIII.
## NEGLIGENT MISREPRESENTATION

13.     Spectrum Brands denies the allegations in paragraph 13.

14.     Spectrum Brands denies the allegations in paragraph 14, including all subparts.

15.     Spectrum Brands denies the allegations in paragraph 15.

## IX.
## PRODUCT DEFECTS

16.     Spectrum Brands denies the allegations in paragraph 16.

17.     Spectrum Brands denies the allegations in paragraph 17.

## X.
## DAMAGES

18.     Spectrum Brands denies the allegations in paragraph 18, including all subparts.

## XI.
## EXEMPLARY DAMAGES

19.     Spectrum Brands denies the allegations in paragraph 19, including all subparts.

20.     Spectrum Brands denies the allegations in paragraph 20.

## XII.
## JURY DEMAND

21.     Paragraph 21 contains Plaintiff's request for a jury trial.  Spectrum Brands also requests a trial by jury on all claims and defenses so triable under governing law.

## XIII.
## CONDITIONS PRECEDENT

22.     The allegations in paragraph 22 are legal conclusions to which no response is required.  To the extent a response is required, Spectrum Brands denies the allegations in paragraph 22.

## XIV.
## PRAYER

23.     The allegations in paragraph 23 are legal conclusions to which no response is required.   To the extent a response is required, Spectrum Brands denies the allegations in paragraph 23.

## ADDITIONAL DEFENSES

Spectrum Brands sets forth below its defenses.  Each defense is asserted, to the extent appropriate, as to all causes of action against Spectrum Brands.  By setting forth these defenses, Spectrum Brands does not assume any burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.   Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations.

1.     Plaintiff's Original Petition fails to state a claim against Spectrum Brands upon which relief can be granted because Spectrum Brands did not design, manufacture, sell, or distribute the product at issue.

2.     Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause, Article VI, Section 2, of the United States Constitution and the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §136 et seq. ("FIFRA"), the provisions of which Spectrum Brands and/or the product at issue has fully complied.

3.     To the extent Plaintiff's claims are not expressly preempted by Federal law, those claims are impliedly preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §136 *et seq*., the regulations and regulatory action taken thereunder by the Environmental Protection Agency, and the Supremacy Clause, Article VI, Section 2, of the United States Constitution.

4.      Plaintiff's claims are barred, in whole or in part, by Texas Civil Practice and Remedies Code § 82.008 because the product at issue is a pesticide registered and approved by the Environmental Protection Agency pursuant to FIFRA.

5.      Spectrum Brands and/or the product at issue complied with all Federal and state statutes and/or administrative regulations existing at all times pertinent hereto and such compliance raises a rebuttable presumption the subject product was not in a defective or unreasonably dangerous condition.

6.      Plaintiff's claims are barred because the product at issue is, and always has been, consistent with available technological, scientific, and/or industrial state-of-the-art and all applicable Federal and state laws and regulations.

7.      Spectrum Brands alleges that if Plaintiff sustained any loss or damage as alleged in the Original Petition, then such losses and damages were proximately caused and contributed to by persons, entities or parties other than Spectrum Brands in failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business.

8.      While denying at all times that any product manufactured by Spectrum Brands caused or contributed to the injuries and damages alleged by Plaintiff, Spectrum Brands alleges that any injuries and damages were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by Spectrum Brands and for which Spectrum Brands is not liable.

9.      Spectrum Brands alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of implied primary assumption of the risk.

10.      Spectrum Brands alleges that Plaintiff is barred from recovery herein by reason of

the misuse, abuse, modification, alteration and/or failure to properly maintain the subject product.

11.     Spectrum Brands alleges that Plaintiff is barred from recovery herein by reason of the destruction of material evidence.

12.     Spectrum Brands alleges that Plaintiff's alleged injuries or damages, if any, were the result of preexisting or subsequent conditions unrelated to Spectrum Brands' products.

13.     Spectrum Brands alleges that adequate and complete warnings and instructions were provided with the subject product, and the subject product was neither defective nor unreasonably dangerous when used according to label instructions.

14.     Plaintiff's claims are barred because the injuries for which recovery is sought were allegedly caused by a characteristic of a product allegedly manufactured and sold by Spectrum Brands which cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with ordinary knowledge common to the community.

15.     Plaintiff's claims are barred, in whole or in part, by Texas Civil Practice and Remedies Code § 82.005 because Plaintiff has not identified a safer alternative design for the product at issue that was scientifically, technologically, or economically feasible by the application of existing or reasonably achievable scientific knowledge, and which, if adopted, would have prevented or significantly reduced the risk of Plaintiff's alleged injuries without substantially impairing the product's utility.

16.     Spectrum Brands alleges that if Plaintiff sustained loss or damage as alleged, or in any other degree, manner or amount, then such losses and damages were proximately caused by the negligence of Plaintiff himself, in the use of the products involved, and in the care and

conduct of her person, and in the conduct of her affairs, at the times and places mentioned in the Original Petition, thereby barring or reducing any recovery by Plaintiff herein.

17.     Plaintiff's claims are barred, in whole or in part, by Texas Civil Practice and Remedies Code § 33.001 because Plaintiff's percentage of responsibility for her alleged damages is greater than 50 percent.

18.     Spectrum Brands alleges that in the event that Plaintiff incurred any injuries or damages as alleged in the Original Petition, which is specifically denied, then to the extent such injuries and damages may be attributable to any act or omission or exposure to or use of any product of Spectrum Brands, then such act, omission, or product use or exposure was and is *de minimis* such that the alleged act, omission, or product use or exposure was not a substantial factor or a proximate cause of Plaintiff's injuries and damages.

19.     Spectrum Brands alleges that Plaintiff's claims are barred or reduced because of Plaintiff's failure to mitigate damages.

20.     Spectrum Brands alleges that Plaintiff's claims are barred or reduced by the doctrine of avoidable consequences.

21.     Spectrum Brands alleges that any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

22.     Spectrum Brands alleges that Plaintiff's claims are barred because Spectrum Brands did not owe any legal duty to Plaintiff or, if Spectrum Brands did owe such a legal duty, it did not breach that duty.

23.     Spectrum Brands has only those duties imposed by law and has complied with all such duties.

24.     Spectrum Brands alleges that there is no causal relationship between Spectrum Brands or its activities described in the Original Petition and any injuries or damages allegedly sustained by Plaintiff.

25.     Spectrum Brands alleges that any risks associated with use of the product which is the subject matter of this action are not beyond those expected by the ordinary consumer when used in an intended or reasonably foreseeable manner.

26.     Spectrum Brands alleges that the public interest and benefit in the availability of the product, which is the subject matter of this action, precludes liability for any risks resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.

27.     Spectrum Brands denies it is liable for any of the damages claimed by Plaintiff in the Original Petition.  If, however, Spectrum Brands is found liable to Plaintiff, then its liability is subject to the limitations set forth in Texas Civil Practice and Remedies Code § 33.013.

28.     Spectrum Brands alleges that the alleged accident, injuries and damages, if any, were proximately caused by Plaintiff's own voluntary assumption of the risk of a known danger, if any, that may have existed at the time of the subject accident.

29.     Spectrum Brands alleges that Plaintiff has failed to join necessary and indispensable parties to this action.

30.     Plaintiff's claim for punitive or exemplary damages cannot be sustained because an award of punitive or exemplary damages under Texas law would violate Spectrum Brands' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, and concomitant rights under corresponding provisions of the Texas Constitution, and would be improper under the common

law and public policies of the United States and State of Texas.

31.     The imposition of punitive or exemplary damages for selling a legal product approved and registered by the Environmental Protection Agency pursuant to its authority under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. *et seq.*, is inappropriate.  The imposition of punitive or exemplary damages under such circumstances would violate Spectrum Brands' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, and concomitant rights under corresponding provisions of the Texas Constitution, and would be improper under the common law and public policies of the United States and State of Texas.

32.     Punitive or exemplary damages are inappropriate to the extent that they would serve no legitimate deterrent or retributive purpose.  The imposition of punitive or exemplary damages under such circumstances would violate Spectrum Brands' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, and concomitant rights under corresponding provisions of the Texas Constitution, and would be improper under the common law and public policies of the United States and State of Texas.

33.     Consideration of due process, comity, and state sovereignty bar any attempts to punish and deter conduct with no direct nexus to the specific harm suffered by Plaintiff. Spectrum Brands' dissimilar acts, independent from the acts upon which liability is premised, may not serve as the basis for punitive or exemplary damages.  Imposition of punitive or exemplary damages under such circumstances would violate Spectrum Brands' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, and concomitant rights under corresponding

provisions of the Texas Constitution, and would be improper under the common law and public policies of the United States and State of Texas.

34.     Considerations of due process, comity, and state sovereignty bar any attempts to punish Spectrum Brands for conduct having no impact in the State of Texas and/or which may have been lawful where it occurred.  Imposition of punitive or exemplary damages under such circumstances would violate Spectrum Brands' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, and concomitant rights under corresponding provisions of the Texas Constitution, and would be improper under the common law and public policies of the United States and State of Texas.

35.     No punishment may be imposed for conduct that cannot form the basis for an underlying claim for liability.  Imposition of punitive or exemplary damages under such circumstances would violate Spectrum Brands' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, and concomitant rights under corresponding provisions of the Texas Constitution, and would be improper under the common law and public policies of the United States and State of Texas.

36.     Plaintiff's claim for punitive or exemplary damages cannot be sustained to the extent Texas law allows punitive or exemplary damages to be awarded, or the amount of an award of punitive or exemplary damages to be based, in whole or in part, on the basis of invidiously discriminatory characteristics, including but not limited to the residence, wealth, and corporate status of Spectrum Brands.  Imposition of punitive or exemplary damages under such circumstances would violate Spectrum Brands' procedural and substantive due process rights

and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, and concomitant rights under corresponding provisions of the Texas Constitution, and would be improper under the common law and public policies of the United States and State of Texas.

37.     Plaintiff's claim for punitive or exemplary damages are subject to the substantive and procedural provisions set forth in Texas Civil Practice and Remedies Code § 41.001, *et seq.*

38.     Plaintiff's claims are barred to the extent that they are based upon conduct unrelated to Plaintiff's alleged harm.

39.     Plaintiff's claims are barred by the doctrine of laches.

40.     Plaintiff's claims are barred by the doctrine of estoppel.

41.     Spectrum Brands hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery in this case or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Spectrum Brands prays for entry of judgment in its favor and against Plaintiffs as follows:

1.   That judgment be entered in favor of Spectrum Brands against Plaintiffs on all claims asserted in Plaintiffs' Original Petition;

2.   That Plaintiffs take nothing by way of Plaintiffs' Original Petition;

3.   That Spectrum Brands recover its costs and disbursements in this action; and

4.   For such further relief as the Court deems just and proper.

## JURY DEMAND

Spectrum Brands hereby demands a trial by jury for all counts so triable.

Respectfully submitted,

/s/Robert B. Gilbreath
Robert B. Gilbreath
Texas State Bar No. 07904620

Matthew C. Sapp
Texas State Bar No. 24063563

HAWKINS PARNELL
 THACKSTON & YOUNG, LLP
Highland Park Place
4514 Cole Avenue, Suite 500
Dallas, Texas 75205
Telephone: (214) 780-5100
Facsimile: (214) 780-5200

COUNSEL FOR DEFENDANT
SPECTRUM BRANDS INC.

## CERTIFICATE OF SERVICE

The undersigned counsel Spectrum Brands Inc. hereby certifies that a true and correct copy of the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system. The foregoing document has been served upon All Counsel of Record via ECF and/or E-mail, on this 31st day of July, 2015.

 /s/Matthew C. Sapp
Matthew C. Sapp